IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID D. HAINES,                        )
                                        )
            Plaintiff,                  )
                                        )
      vs.                               )   Civil Action No. 10-732
                                        )
MICHAEL ASTRUE, COMMISSIONER,           )
SOCIAL SECURITY ADMINISTRATION,         )
                                        )
            Defendant.                  )

O R D E R

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff was not disabled under the Social Security Act (the "Act"). In so finding, the Court notes that although Plaintiff argues that the ALJ improperly determined that his alleged impairment relating to his back pain was non-severe at Step Two of the five-step sequential evaluation process defined by the Act, this is not really the issue. The Step Two determination as to whether Plaintiff is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairment to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's other alleged impairments to be non-severe.

However, even if an impairment is non-severe, it may still affect a claimant's residual functional capacity ("RFC"). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, *even those that are not 'severe.'*" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996) (emphasis added). See also 20 C.F.R. § 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's back pain to be severe does not mean that this condition could not still have affected Plaintiff's RFC.

Nonetheless, the ALJ thoroughly evaluated the effects of this alleged impairment, and substantial evidence supports his findings regarding Plaintiff's RFC. Indeed, despite the ALJ's well-founded concerns about Plaintiff's credibility, he seems to have given Plaintiff the benefit of the doubt in crafting the RFC, which limits Plaintiff to light work and which includes numerous non-exertional limitations, including the need for an opportunity for brief (1-2 minute) changes of position at least every half hour and limitations including no climbing of ladders, ramps, ropes, scaffolds, or stairs, no crawling, and no more than occasional balancing, crouching, kneeling, or stooping. These limitations more than accommodated Plaintiff's back pain in light of the record evidence, especially in light of the weight properly given to his testimony regarding this pain by the ALJ.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record